**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Howard R. Tallman**

| | |
|---|---|
| In re: | ) |
| | ) |
| **TODD ALAN BENBOW,** | ) Case No. 11-12257 HRT |
| | ) Chapter 7 |
| **Debtor.** | ) |

## ORDER

This case comes before the Court on Debtor's *Verified Motion to Avoid Judicial Lien Impairing Exemption* (docket #38) (the "Motion").

### I. FACTS

1. Debtor filed his petition for protection under chapter 13 of the Bankruptcy Code on February 8, 2011 (the "Petition Date"). Subsequently, on June 13, 2011, Debtor voluntarily converted his case to a case under chapter 7. The Debtor received his chapter 7 discharge on April 13, 2012.

2. On the Petition Date, Debtor resided at 7881 Grizzly Way, Evergreen, Colorado (the "Real Property"). He claimed that residence as his homestead and claimed the applicable homestead exemption under COLO. REV. STAT. § 38-41-201(a).

3. On the Petition Date, the Debtor valued the Real Property on his Schedule A at $350,000.00.

4. On June 15, 2011, following Debtor's voluntary conversion of his case to a case under chapter 7, the Debtor filed an Amended Schedule A and an Amended Schedule C. On the Amended Schedule A, the Debtor values the Real Property at $377,000.00. According to Debtor's Amended Schedule A, that increased value is based on a contract of sale that was pending at the time the amendment was filed. Debtor also amended his list of exemptions to claim the full $60,000.00 homestead exemption under COLO. REV. STAT. § 38-41-201(a).

5. On the Petition Date, Bank of America held a first mortgage against the Real Property. The evidence presented at hearing consisted of a statement showing the principal balance only as of July 30, 2012, as $235,179.60. Kelly Benbow testified that no payments had been made on the obligation for 24 months and that the payment amount was $1,971.59. Bank of America filed no proof of claim in this case. Based on that evidence, the Court finds that, as of the Petition Date, the principal balance of the Bank of America first mortgage obligation was $235,179.60

ORDER
Case No. 11-12257 HRT

6. On the Petition Date, Westerra Credit Union held a second mortgage against the Real Property in the amount of $97,205.78. This is based upon the proof of claim filed by Westerra Credit Union.

7. On December 9, 2009, Debtor retained the firm of Samuel J. Stoorman & Associates, P.C., ("Stoorman") to represent him in a dissolution of marriage action. That action was filed in the District Court for Jefferson County, Colorado (the "Dissolution Court"), under Case No. 09 DR 3362 (the "Dissolution Case").

8. On July 10, 2010, the Dissolution Court entered its Permanent Orders. The Dissolution Court found that it is not economically feasible for the Debtor to retain the home. It ordered that the property be listed and sold and that the Debtor and Kelly Benbow are each to receive one-half of the net proceeds of the sale (or one half of the remaining liability as the case may be).

9. On July 14, 2010, in the Dissolution Case, Stoorman filed an Amended Notice of Claim of Attorney's Lien (the "Amended Notice"). The Amended Notice asserted attorney fees due to Stoorman of $71,513.24 as of July 13, 2010 for services rendered between December 9, 2009, and July 13, 2010.

10. On July 15, 2010, in the Dissolution Case, Stoorman filed a Motion to Foreclose and Enforce Lien and for Entry of Judgment for Attorney's Fees.

11. On August 25, 2010, the Dissolution Court entered judgment in favor of Stoorman and against the Debtor. The court ordered that
    a. Stoorman "has a valid and enforceable lien in the amount of $71,513.24 upon all the monies, properties, choses in action, claims and demands in suit, upon any property awarded to Respondent, and to any money due to Respondent in the hands of Petitioner or any other person or entity."
    b. In addition, the court entered judgment "in the principal amount of $71,513.24 plus interest thereon at the rate of one-half [sic] percent (1.5%) per month as provided in the Fee Agreement, from July 13, 2010 until the judgment and lien have been satisfied in full, together with all reasonable costs of collecting and reasonable attorneys fee incurred in collecting upon the Judgment." As of February 8, 2011, the Petition Date, with interest at the rate of 1.5% monthly, the Court calculates the value of Stoorman's lien to be $78,919.27.

12. On September 7, 2010, Stoorman recorded a transcript of his judgment in Jefferson County. The Real Property is located in Jefferson County.

ORDER
Case No. 11-12257 HRT

13.    On the Petition Date, the Debtor owned the Real Property jointly with Kelly Benbow.

## II. DISCUSSION

### A. 11 U.S.C. § 522(f)

Under 11 U.S.C. § 522(f), a debtor may avoid a judicial lien to the extent that the lien impairs certain of the debtor's exemptions:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5) . . . .

11 U.S.C. § 522(f)(1)(A).

### B. Stoorman's Charging Lien

In Colorado, attorneys are entitled, under statute, to assert a lien "on money, property, claims, or judgments they have obtained or assisted in obtaining." *In re Fisher*, 202 P.3d 1186, 1197 (Colo. 2009) (citing COLO. REV. STAT. § 12-5-119). As reflected in the judgment of the Dissolution Court, Stoorman has an attorney's charging lien under COLO. REV. STAT. § 12-5-119. That court's judgment describes the extent of Stoorman's charging lien by roughly paraphrasing the language from the statute.[1] The Colorado statute reads as follows:

> All attorneys- and counselors-at-law shall have a lien on any money, property, choses in action, or claims and demands in their hands, on any judgment they may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit for any fees or balance of fees due or to become due from any client. In the case of demands in suit and in the case of judgments obtained in whole or in part by any attorney, such attorney may file, with the clerk of the court wherein such cause is pending, notice of his claim as lienor,

---

[1] The Dissolution Court's August 25, 2010, judgment describes Stoorman's charging only with reference to the general and broad language of COLO. REV. STAT. § 12-5-119 and not with reference to specific property to which the lien attaches. As a consequence, it is impossible to determine what property that Stoorman's charging lien attaches to without reference to the Dissolution Court's Permanent Orders.

ORDER
Case No. 11-12257 HRT

>setting forth specifically the agreement of compensation between such attorney and his client, which notice, duly entered of record, shall be notice to all persons and to all parties, including the judgment creditor, to all persons in the case against whom a demand exists, and to all persons claiming by, through, or under any person having a demand in suit or having obtained a judgment that the attorney whose appearance is thus entered has a first lien on such demand in suit or on such judgment for the amount of his fees. Such notice of lien shall not be presented in any manner to the jury in the case in which the same is filed. Such lien may be enforced by the proper civil action.

COLO. REV. STAT. § 12-5-119.

As can be readily seen from the statutory language, Stoorman's charging lien is limited in nature. Unlike a more general judgment lien that can be enforced, by way of execution against any property owned by a judgment debtor, *see* COLO. REV. STAT. § 13-52-102, Stoorman's charging lien attaches solely to the fruits of his representation of the Debtor. *Fillmore v. Wells*, 15 P. 343, 345 (Colo. 1887) ("The attorney's lien, in so far as it relates to judgments, may be accurately defined as a right conferred by statute, or recognized by the common law, to have his compensation or costs, or both, directly secured by the fruits of the judgment.").

The question in this case goes to what the fruits of Stoorman's representation of the Debtor are. The answer is contained in the Permanent Orders entered by the Dissolution Court on July 7, 2010.[2] Because Debtor's Motion concerns the Real Property, that will be the Court's focus. The Dissolution Court ordered that the Real Property was to be listed and sold and that the Debtor and Kelly Benbow would share equally in either the net proceeds from the sale or they would share the remaining liability equally. The Court finds that Stoorman's charging lien attaches to Debtor's right, under the Dissolution Court's Permanent Orders, to receive one-half of the net proceeds from the sale of the Real Property.

The Colorado cases of *In re Marriage of Stewart*, 632 P.2d 287 (Colo. Ct. App. 1981), and *In re Marriage of Mitchell*, 55 P.3d 183 (Colo. Ct. App. 2002), stand for the proposition that, where the award to an attorney's client is monetary in nature, the attorney's charging lien attaches to the monetary award and not to the underlying asset. In *Stewart*, the family home was

---

[2] Neither party admitted a copy of the Dissolution Court's Permanent Orders at the hearing on this matter. However, Stoorman's charging lien can only be determined by reference to the Permanent Orders. The Court may take judicial notice of its own records. *See, e.g., In re James*, 300 B.R. 890, 894-95 (Bankr. W.D. Tex. 2003). Stoorman attached a copy of the Permanent Orders to his proof of claim (Claim 1-1; filed February 17, 2011). The Court has examined the attachment to Stoorman's proof of claim and finds that the document contains sufficient indicia of reliability to be considered by the Court in connection with this matter.

ORDER
Case No. 11-12257 HRT

a living quarters adjacent to the family business, a bar and grill. Wife was awarded the business and adjacent living quarters and was ordered to pay husband $18,500.00 as his share of the property at the rate of $300.00 per month. Husband's domestic attorney asserted his charging lien against the real property. The district court disallowed enforcement of the attorney's lien against the real property stating that "an attorney's lien upon an award to his client cannot exceed the award." *Stewart*, 632 P.2d at 288. The attorney's lien attached to the husband's right to receive $300.00 per month in compensation for his share of the equity in the family home and business. *Id.* To the same effect, in *Mitchell*, the court said, "if a trial court's award to an attorney's client is monetary, the attorney's lien cannot attach to real property owned by the client's judgment debtor." 55 P.3d at 185. Since the Dissolution Court awarded the Debtor a share of the sale proceeds, as opposed to an interest in the underlying Real Property, it is that monetary share of sale proceeds to which Stoorman's lien attaches.

The record does not disclose the precise form of title to the Real Property prior to commencement of the Dissolution Case. The property division worksheet attached to the Permanent Orders shows that the Real Property was marital property with Debtor and Kelly Benbow each holding an equal interest in the Real Property. Whatever the form of the title, the Permanent Orders made no change to the manner in which the Real Property was titled at the outset of the Domestic Case or in the ownership interests. The Dissolution Court awarded the Debtor one-half of either the net proceeds or remaining liability after liquidation of the Real Property. The Debtor is not entitled to a sum certain. At the time the Permanent Orders were entered, the Dissolution Court anticipated a positive net value to be divided between the Debtor and Kelly Benbow but the amount is contingent upon the price for which the Real Property may be sold. It is that right to receive net proceeds to which Stoorman's charging lien attaches.

The Permanent Orders state that the costs of closing will be paid from the proceeds. The first mortgage to Bank of America and the second mortgage to Westerra were encumbrances on the Real Property at the time of the Permanent Orders. The Permanent Orders authorize no payment other than the sale expenses and the mortgages to Bank of America and Westerra Credit Union from sale proceeds prior to Stoorman's charging lien.

The question then arises whether, under Colorado law, Stoorman's charging lien is subject to a homestead exemption that may be claimed upon sale proceeds of an exempt homestead under COLO. REV. STAT. §§ 38-41-201 & 38-41-207. The Colorado homestead exemption statute serves to exempt a debtor's homestead "from execution and attachment . . . ." COLO. REV. STAT. § 38-41-201. In Colorado, "[a] proceeding to enforce an attorney's charging lien is not a levy upon property under either a writ of execution or a writ of attachment . . . ." *In re Marriage of Etcheverry*, 921 P.2d 82, 83 (Colo. Ct. App. 1996). Accordingly, the Court finds that Stoorman's lien interest in the proceeds of any sale of the Real Property is not subject to exemption under COLO. REV. STAT. §§ 38-41-201 & 38-41-207.

ORDER
Case No. 11-12257 HRT

      A division of this Court has held to the contrary.  In *In re Dickinson*, 185 B.R. 840 (Bankr. D. Colo. 1995), the court relied on language appearing in *Woodward v. People's Nat. Bank*, 31 P. 184 (Colo. Ct. App. 1892), to hold that Colorado's homestead "statute includes attorney's liens within its ambit and that the attorney's lien does not attach to the homestead." *Dickinson*, 185 B.R. at 843.

      The issue in the *Woodward* case was whether or not a *judgment lien* attached to the judgment debtor's homestead.  The *Woodward* court held that the language of the homestead exemption was "sufficiently broad and comprehensive to embrace any and all forms of indebtedness, including judgments." *Woodward*, 31 P. at 185.

      The *Etcheverry* case, by contrast, involved an attorney's charging lien.  There, the attorney sought to impress her charging lien on the former husband's obligation to pay child support to her client.  The court found that "on its face, [COLO. REV. STAT. § 12-5-119] would allow the attorney to assert a charging lien against any payments to be made to the wife that were pursuant to a court order that the attorney assisted in obtaining, irrespective whether such payments were in the form of property division, maintenance, or child support." *Etcheverry*, 921 P.2d at 83.  The court construed COLO. REV. STAT. § 13-54-102.5, which exempts child support payments "from levy under writ of attachment or writ of execution." *Id*.  It found that the exemption statute did not apply to a charging lien because "[a] proceeding to enforce an attorney's charging lien is not a levy upon property under either a writ of execution or a writ of attachment, and it does not, therefore, fall within the literal terms of these statutes." *Etcheverry*, 921 P.2d at 83.  Notwithstanding its interpretation of the statutory language, the court held that child support payments are exempt from the attorney's charging lien on public policy grounds.  But public policy with respect to child support payments is inapplicable here where the subject of the lien is a property division.

      Colorado's homestead statute exempts a homestead "from execution and attachment . . . ."  COLO. REV. STAT. § 38-41-201.  The Court agrees with *Etcheverry* that a charging lien is not enforced through execution or attachment.  Therefore, the Court must disagree with *Dickinson* and hold that the Debtor may not claim any portion the proceeds from the Real Property to which Stoorman's charging lien attaches, as exempt property under the Colorado homestead exemption.

C.  Stoorman's Charging Lien Is Not a Judicial Lien

      For the purposes of proceedings under the Bankruptcy Code, "judicial lien" is a defined term:

ORDER
Case No. 11-12257 HRT

>The term "judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.

11 U.S.C. § 101(36).

The most common form of judicial lien is a judgment lien. With respect to real property, when a transcript of judgment is recorded in any county in the state, that judgment becomes a lien on any non-exempt real property that the judgment debtor owns in that county. COLO. REV. STAT. § 13-52-102.

Stoorman's charging lien is a lien imposed by Colorado statute and not by judicial action. The Court finds that Stoorman's attorneys charging lien is not an avoidable judicial lien under 11 U.S.C. § 522(f). *See, e.g. In re Washington*, 242 F.3d 1320, 1325 (11th Cir. 2001) ("a valid attorney's charging lien under Florida law arises by operation of law in advance of judicial proceedings and thus is not 'obtained by judgment' as required for a judicial lien pursuant to § 101(36) of the Bankruptcy Code."); *In re Felizardo*, 255 B.R. 85, 89 (Bankr. S.D. Fla. 2000); *In re O'Connell*, 167 B.R. 928, 931 (Bankr. D. Mont. 1994); *In re Sacco*, 99 B.R. 647, 651-52 (Bankr. W.D. Pa. 1989); *In re Ranes*, 31 B.R. 70, 72-73 (Bankr. D. Colo. 1983).

D.  Stoorman Has a Judicial Lien in Addition to His Charging Lien

In addition to Stoorman's charging lien, he also has a judgment lien. The Dissolution Court's judgment of August 25, 2010, in addition to declaring the existence of Stoorman's charging lien, entered final judgment in Stoorman's favor in the amount of $71,513.24. Stoorman filed a transcript of his judgment on September 7, 2010, in Jefferson County. The Real Property is located in Jefferson County. As a consequence of Stoorman's filing a transcript of his judgment, a judgment lien attached to the Real Property. Stoorman's Judgment lien is a judicial lien, as defined in 11 U.S.C. § 101(36) because it was obtained "by judgment, levy, sequestration, or other legal or equitable process or proceeding." *Id*.

Because Stoorman has a judicial lien, in addition to his statutory charging lien, the Court finds that his judgment lien is subject to a determination, under 11 U.S.C. § 522(f), whether it impairs the Debtor's homestead exemption and may be either partially or fully avoided under that subsection. *See In re Dickinson*, 185 B.R. 840, 842 (Bankr. D. Colo. 1995) ("[S]ince the 'attorney's lien' is not merged into the 'judicial lien' its status must be separately determined.").

E.  Application of 11 U.S.C. § 522(f) to Stoorman's Judgment Lien

The first step in determining to what extent a lien is avoidable under § 522(f) is valuation of the Real Property. For lien avoidance purposes, under § 522(f), the petition date is the date of valuation. 11 U.S.C. § 522(a)(2) ("'value' means fair market value as of the date of the filing of the petition . . . ."). The evidence in the record going to the value of the Real Property on the

ORDER
Case No. 11-12257 HRT

Petition Date is scant. The best evidence the Court has before it, as to the value of the Real Property on the Petition Date, is the Debtor's Amended Schedule A – Real Property (docket #31). Debtor valued the Real Property at $377,000.00 based on a pending contract for sale.

As noted in the Facts section above, the Court finds that the Real Property was encumbered with a first mortgage owed to Bank of America on the Petition Date in the amount of $235,179.60 and a second mortgage owed to Westerra Credit Union in the amount of $97,205.78 as of the Petition Date. The Debtor and Kelly Benbow are jointly entitled to claim the $60,000.00 homestead exemption.

> For the purposes of [§ 522(f)], a lien shall be considered to impair an exemption to the extent that the sum of –
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

The value of Stoorman's lien on the Petition Date was $78,919.27. Because the Real Property is jointly owned, the Court finds that "the value that the debtor's interest in the property would have in the absence of any liens," *Id*., is $188,500.00 – one half of the Real Property's value – and that the Debtor is entitled to one-half of the homestead exemption; $30,000.00. *In re Pruitt*, 829 F.2d 1002, 1005 (10th Cir. 1987) ("[W]hether Colorado realty is jointly or singly owned, there is only one homestead, and it attaches to the realty in such a way its protection cannot be claimed by one joint owner to the exclusion of the remainder.").

In order to carry out the calculations required by § 522(f)(2)(A), the Court will follow *In re Cozad*, 208 B.R. 495 (B.A.P. 10th Cir. 1997). *Cozad* held that, in a case where the debtor and nondebtor spouse own property jointly, the § 522(f)(2)(A) calculation "requires that the lien and *all other liens on the property* be added to the exemption that the debtor would be entitled to, if there were no liens on the property." *Cozad*, 208 B.R. at 498.

The total of Stoorman's lien, all other liens, and the Debtor's homestead exemption, is $441,304.65:

ORDER
Case No. 11-12257 HRT

    $78,919.27 Stoorman Judgment Lien
$235,179.60 First Mortgage – Bank of America
  $97,205.78 Second Mortgage – Westerra Credit Union
  $30,000.00 Homestead Exemption
$441,304.65 Total

Under § 522(f)(2)(A), that total exceeds the value of the Debtor's interest in the Real Property by $252,804.65:

$441,304.65 Stoorman's Lien; Other Liens; and Exemption
-$188,500.00 Value of Debtor's Interest in Real Property
$252,804.65 Amount of Lien that is Avoided

Because the total of the lien; all other liens on the property; and the amount of the Debtor's homestead exemption exceeds the value of the Debtor's interest in the Real Property by more than the amount of Stoorman's judgment lien, the lien is avoided in its entirety.[3]

### III. CONCLUSION

    The Court finds that Stoorman has two liens. Not only does he have an attorney's charging lien but, by reducing the amount of his unpaid attorney fees to judgment and recording that judgment in Jefferson County, he also acquired a judgment lien that attached to the Debtor's interest in his Real Property.

    An attorney's charging lien is not avoidable under 11 U.S.C. § 522(f). The charging lien is limited to property awarded to the Debtor by the Dissolution Court in the Permanent Orders. With respect to the Real Property, Debtor was awarded one-half of the net proceeds (or

---

[3] *Cozad's* interpretation of § 522(f)(2)(A) has been criticized, because its "literal application of the formula produces an outcome at odds with statutory purpose." *Nelson v. Scala*, 192 F.3d 32, 36 (1st Cir. 1999). The Court need not enter that debate. Even if the Court were to halve the consensual liens in its calculation, the total of Stoorman's judicial lien, one-half of the consensual liens, and one-half of the homestead exemption, still exceeds the Debtor's interest in the Real Property by $86,611.96. Even under that alternative calculation, the Stoorman judicial lien is avoided in its entirety.

  $78,919.27 Stoorman Lien
$117,589.80 First Mortgage
  $48,602.89 Second Mortgage
  $30,000.00 Exemption
$275,111.96 Total
-$188,500.00 Debtor's Interest
  $86,611.96 Amount of Lien Avoided

ORDER
Case No. 11-12257 HRT

remaining liability) following a court-ordered sale of the Real Property. That amount is indeterminate and contingent on the closing of a sale. Assuming such a sale generates a positive amount of net proceeds, under Colorado Law, Stoorman's charging lien attaches to the Debtor's share of those proceeds.

Stoorman's judgment lien is a judicial lien, as that term is used in 11 U.S.C. § 522(f)(1)(A). As such, it is avoidable to the extent that the lien impairs an exemption to which the Debtor is entitled. After performing the calculation required by § 522(f)(2)(A), the Court finds that Stoorman's judgment lien is avoided in its entirety.

Therefore, it is

**ORDERED** that Debtor's *Verified Motion to Avoid Judicial Lien Impairing Exemption* (docket #38) is GRANTED. Stoorman's judgment lien is hereby avoided, in its entirety, under 11 U.S.C. § 522(f). It is further

**ORDERED** that Stoorman has a non-avoidable attorney's charging lien under COLO. REV. STAT. § 12-5-119 that attaches to the Debtor's interest in the net sale proceeds from the sale of 7881 Grizzly Way, Evergreen, Colorado, after payment of sale expenses, the first mortgage held by Bank of America and second mortgage held by Westerra Credit Union, as set out in the Permanent Orders, entered by the District Court for Jefferson County, Colorado, in Case No. 09 DR 3362, on July 7, 2010. It is further

**ORDERED** that Stoorman may record a copy of this Order in the office of the clerk and recorder of Jefferson County, Colorado, as notice of his lien interest in Debtor's half of any net proceeds resulting from a sale of 7881 Grizzly Way, Evergreen, Colorado. Stoorman may attach a legal description of 7881 Grizzly Way, Evergreen, Colorado, to this Order for recording purposes to insure proper identification.

Dated this  27th  day of August, 2013.

**BY THE COURT:**

*Howard Tallman*

Howard R. Tallman, Chief Judge
United States Bankruptcy Court